UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WENDELL D. PARKER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:16-CV-437-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

# OPINION AND ORDER

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [ECF No. 24], filed on May 20, 2019. The Motion requests an award of attorney fees in the amount of $12,215.00 pursuant to the Social Security Act, 42 U.S.C. § 406(b), for representation of the Plaintiff in federal court. The Commissioner has no objection to the amount requested. *See* Def.'s Resp., ECF No. 25. For the reasons set forth below, the Court denies the motion without prejudice with leave to refile once the Social Security Administration has resolved the issue of fees under 42 U.S.C. § 406(a).

## BACKGROUND

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits. On September 14, 2017, the Court granted the Plaintiff's request, reversing and remanding for further proceedings. Under 42 U.S.C. § 2412, the Court awarded $3,705.00 in EAJA fees on December 18, 2017.

On remand, an Administrative Law Judge (ALJ) found that the Plaintiff has been disabled since February 2012 and issued a Notice of Decision–Fully Favorable. Pl.'s Att'y's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b), Ex. D, ECF No. 24-4. The same date, the ALJ also issued an Order disapproving of the fee agreement between the Plaintiff and his representative at the administrative level, triggering a fee petition process for § 406(a) fees. *Id.* at 4.

On April 10, 2019, the Social Security Administration issued a Notice of Award, awarding the Plaintiff $139,883.50 in past-due Social Security benefits. Pl.'s Att'y's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b), Ex. E, p. 3, ECF No. 24-5. Twenty-five percent of the past-due benefits is $34,970.88. *Id.* This amount was withheld by the Social Security Administration for the payment of fees. *Id.* The Notice of Award also provides the procedure by which the representative at the administrative level can seek fees. *Id.*

## LEGAL STANDARD

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under Sections 406(a) and 406(b).

*Culbertson*, 139 S. Ct. at 523. However, an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

## ANALYSIS

In the instant motion, counsel for the Plaintiff requests an award of fees under § 406(b) for representation of the Plaintiff in federal court in the amount of $12,215.00, which is in addition to the EAJA award of $3,705.00, for a total fee award of $15,920.00. Counsel correctly notes that the requested total amount of $15,920.00 does not exceed twenty-five percent of past-due benefits ($34,970.88) in conformity with § 406(b) and the fee agreement between the Plaintiff and counsel for representation in federal court.

Counsel for the Plaintiff also informs the Court that, at the time of filing the instant motion, the Social Security Administration had still not resolved the issue of § 406(a) fees that may be payable to the Plaintiff's hearing representative/attorney. In light of the Supreme Court's recent holding in *Culbertson* "that the statute does not impose a 25% cap on aggregate fees" sought under § 406(a) and § 406(b), *Culbertson*, 139 S. Ct. at 523, there is no statutory requirement that this Court await a determination of a § 406(a) fee award by the Social Security Administration before this Court determines a reasonable fee under § 406(b).

However, the fee agreement entered into by counsel and the Plaintiff for representation in federal court provides otherwise:

> D. In a case in which the court awards <u>both</u> a fee from my past-due benefits under 42 U.S.C. § 406(b) <u>and</u> an EAJA fee, attorney will refund to me the smaller of the two amounts or will otherwise ensure that the EAJA fee award is deducted from any 42 U.S.C. § 406(b) fee award. *Any administrative fee that the Agency pays to my hearing lawyer under 42 U.S.C. § 406(a) will also be deducted from any § 406(b) award. Under no circumstances will the total fees awarded for work under § 406(b) in the U.S. District Court and/or in a higher U.S. Court exceed*

> *twenty-five percent (25%) of any past-due benefits awarded to me and my family by the Social Security Administration.*

Pl.'s Att'y's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b), Ex. A, § 2.D, ECF No. 24-1 (italicized emphasis added). In *Culbertson*, there is no suggestion that the fee agreement contained similar language; rather, the opinion indicates that contingency-fee agreement was for representation in "Federal Court" and that "the agreement excluded fees for 'any representation before' the agency." *Culbertson*, 139 S. Ct. at 521.

Based on the plain language of the fee agreement in this case, the Court's determination of a § 406(b) fee award must account for a fee award made pursuant to § 406(a) so that the total fees awarded do not exceed twenty-five percent of past-due benefits. *See, e.g.*, *Juanita Marie D. v. Comm'r of Soc. Sec.*, 6:16-CV-1457, 2019 WL 2053849, at *3 (N.D.N.Y. May 8, 2019) (limiting the aggregate of § 406(a) and § 406(b) fees to twenty-five percent of past-due benefits based on the fee agreement); *Ouellette v. Berryhill*, Case No. 17-CV-409, 2019 WL 1992909, at *1, n.1 (D.N.H. May 6, 2019) (acknowledging the $6,000 fee already awarded to counsel under § 406(a) and noting that, despite the Supreme Court's holding in *Culbertson*, "the parties' fee agreement limits counsel's fee to 25 percent total of [the plaintiff's] past-due benefits"); *Linda N. v. Comm'r of Soc. Sec.*, 5:17-CV-567, 2019 WL 1292390, at *2, 3 (N.D.N.Y. Mar. 21, 2019) (finding that the court should "reduce the fee due plaintiff's counsel at the district court level to a reasonable amount, such that the plaintiff's obligation to his representatives does not exceed 25% of her back disability benefits" because "based on the language of the . . . fee agreement, it would be inequitable to allow [the attorney] to seek fees from his client that would obligate her to pay more than 25% of her past-due benefits towards fees to her attorney in district court and her representative at the agency level"); *Coaxum v. Berryhill*, Civil Action No. 16-262-N, 2019 WL 386194, at *4 (S.D. Ala. Jan. 30, 2019) (recognizing that, despite the holding in *Culbertson*,

the fee agreement for § 406(b) fees "appears to limit [the attorney's] overall fee to 25% of [the plaintiff's] past-due benefits" where the same attorney represented the plaintiff at both levels).

Under § 406(a)(2)(A), if there is a written agreement for the fee related to the administrative proceedings, the Commissioner of Social Security must approve the amount at the time of the favorable determination, not to exceed the lesser of twenty-five percent of the total amount of past-due benefits or $6,000. *See* 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009); *see also Culbertson*, 139 S. Ct. at 520. If there is no such written agreement and there is a favorable determination on the claim for benefits, then the Commissioner must "fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim" at the administrative level. 42 U.S.C. § 406(a)(1).

In this case, the ALJ issued an order on September 12, 2018, not approving the fee agreement because the Plaintiff's "appointed representatives who are not members of the same law firm or other business, and one of the representatives from the law firm/other business did not waive charging and collecting a fee." ECF No. 24-4, p. 1. Thus, the Commissioner will determine a "reasonable fee" for the representation at the administrative level. *See* 42 U.S.C. § 406(a)(1). There is no record before the Court of the status of the § 406(a) fee petition process. Although it is unlikely that the Plaintiff's representative at the administrative level would receive a fee greater than $19,050.88 (the amount remaining of the $34,970.88 reduced by the requested § 406(b) fee of $12,215.00 and the EAJA award of $3,705.00), the clear language of the § 406(b) fee agreement requires that the Court account for the § 406(a) fee award in calculating the § 406(b) award in this case.[1]

---

[1] In a parenthetical within the motion, Plaintiff's counsel asks the Court to exercise its mandamus powers pursuant to 28 U.S.C. § 1361 to "compel an officer or employee of the United States or any agency thereof to perform a duty

## CONCLUSION

Accordingly, the Court DENIES without prejudice Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [ECF No. 24], with leave granted to refile the motion once the matter of § 406(a) fees is resolved.

SO ORDERED on July 22, 2019.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT

---

owed to the plaintiff." *See* Pl.'s Att'y's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) 2, ECF No. 4. Because the argument is undeveloped, the Court declines to consider the request.