UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WENDEL D. PARKER, | |
| Plaintiff, | |
| v. | CAUSE No.: 1:16-CV-437-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 28], moving this Court for an Order awarding attorney's fees pursuant to 42 U.S.C. § 406(b). The Defendant has not filed a Response to Plaintiff's Motion for Attorney Fees, and the time to do so has passed. For the reasons stated below, the Plaintiff's Motion is GRANTED.

## BACKGROUND

On December 24, 2016, Plaintiff filed a Complaint [ECF No. 1] seeking review of the decision of the Commissioner of the Social Security Administration denying her application for Social Security benefits. On September 14, 2017, the Court reversed the Commissioner's decision and remanded for further proceedings. Op. & Order, ECF No. 20. On December 18, 2017, the Court granted the parties' Joint Stipulation and awarded the Plaintiff $3,705.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *See* Order, ECF No. 23.

On September 12, 2018, the Administrative Law Judge entered a fully favorable decision. *See* Decision, Ex. D, ECF No. 28-4. On April 10, 2019, the Social Security Administration issued a Notice of Award, calculating Plaintiff's past due benefit as $139,883.50. *See* Notice of

Award, Ex. E, ECF No. 28-5. Twenty-five percent of the past due benefits is $34,970.88. *See id.*

3. Plaintiff's hearing representative sought and recovered a fee of $6,000.00 at the administrative level pursuant to 42 U.S.C. § 406(a).[1] Pl.'s Mot. ¶ 6, ECF No. 28.

The Plaintiff filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 28] on June 4, 2020, requesting the Court award the Plaintiff's counsel $28,048.38 in attorney's fees. Counsel indicates that the previously awarded attorney's fees under the EAJA will be refunded if additional fees are awarded pursuant to 42 U.S.C. § 406(b). *See* Pl.'s Mot. ¶ 14.

**ANALYSIS**

Plaintiff's counsel, subject to refunding $3,705.00 in EAJA attorney's fees, requests $28,048.38 in attorney fees pursuant to 42 U.S.C § 406(b). "The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* [28 U.S.C. § 406(a)], as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *4 (citing *Gisbrecht v. Barnhardt*, 535 U.S. 789, 807 (2002)). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 807. Likewise, "an award of EAJA fees under [28 U.S.C. § 2412] offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

---

[1] On July 22, 2019, the Court denied without prejudice a previous Motion seeking fees pursuant to 42 U.S.C. § 406(b) until resolution of the fees pursuant to § 406(a). *See* Op. & Order, ECF No. 26.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement. *See* Fee Agreement for Appellate Representation, Ex. A, ECF No. 28–1. The Plaintiff's counsel represents that 19.9 attorney hours were spent in federal court on this case, which results in an effective hourly rate of $1,409.47. *See* Pl.'s Mot. ¶¶ 3, 12. Such an hourly rate, although perhaps on the high-end, is reasonable given the contingent nature of this case. *See McPeters v. Saul*, No. 4:17-CV-41-TLS-JEM, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (approving a higher hourly rate and collecting cases); *see also Zenner v. Saul*, 4:16-CV-51-TLS-JEM, 2020 WL 1698856, at *2 (N.D. Ind. Apr. 8, 2020) (awarding attorney's fees with an hourly rate of $ 1,167.28); *Koester v. Astrue*, 482 F. Supp 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion [ECF No. 28] and AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $28,048.38. The Court ORDERS the Plaintiff's attorney to refund the $3,705.00 in EAJA fees previously awarded in this case.

SO ORDERED on October 13, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3